UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |
|---|---|
| Commodity Futures Trading Commission,<br><br>Plaintiff,<br><br>v.<br><br>Changpeng Zhao, Binance Holdings Limited, Binance Holdings (IE) Limited, Binance (Services) Holdings Limited, and Samuel Lim,<br><br>Defendants. | CIVIL ACTION NO: 1:23-cv-01887<br><br>**Hon. Manish S. Shah** |

# JOINT INITIAL STATUS REPORT[1]

1. **Nature of the Case**

    a. **Identify the attorneys of record for each party, including the lead trial attorney.**

    **Plaintiff Commodity Futures Trading Commission ("CFTC"):**

    Joseph Platt (Lead Trial Attorney)
    Candice Haan
    Elizabeth N. Pendleton
    Robert T. Howell
    Scott R. Williamson

    **Defendant Changpeng Zhao ("Zhao"):**

    Douglas K. Yatter (Lead Trial Attorney)
    Benjamin Naftalis
    Heather A. Waller

---

[1] For the avoidance of doubt, Defendants expressly reserve their ability to move to argue that the Court lacks jurisdiction over Defendants. Submission of this Joint Scheduling Report in accordance with the Court's May 2, 2023 Order (ECF No. 35) is made subject to, and without waiver of, any and all of Defendants' arguments and defenses, including on jurisdictional defenses.

Hanyu Xie
Kirsten C. Lee

**Defendants Binance Holdings Limited, Binance Holdings (IE) Limited, Binance (Services) Holdings Limited (the "Entity Defendants"):**

Michael David Celio (Lead Trial Attorney)
Jessica Valenzuela
M. Kendall Day
Mary Beth Maloney
Richard W. Grime
Stephanie Brooker
Erin Pamela Gasparka
John Kenneth Theis

**Defendant Samuel Lim ("Lim"):**

Justin V. Shur (Lead Trial Attorney)
Megan Cunniff Church
Walter H Hawes IV
Kenneth E. Notter III
Catherine Martinez

b. **State the basis for federal jurisdiction.**

Plaintiff alleges that this Court has subject-matter jurisdiction over this action under 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1345 (district courts have original jurisdiction over civil actions commenced by the United States or by any agency expressly authorized to sue by Act of Congress). It is Defendants' position that Plaintiff's allegations do not provide a sufficient basis for the Court to exercise personal jurisdiction over Defendants.

c. **Describe the nature of the claims asserted in the complaint and any counterclaims.**

Plaintiff's Statement: The seven-count complaint, ("Complaint," ECF No. 1), alleges the Defendants violated numerous provisions of the Commodity Exchange Act (the "Act") and CFTC Regulations through purported conduct related to operating Binance.com. Specifically, Count I charges the Entity Defendants with violating Section 4(a) of the Act by offering to enter into, entering into, confirming the execution of and/or conducting an office or business in the

U.S. for the purpose of soliciting, or accepting any order for, or otherwise dealing in, any transaction in, or in connection with retail commodity transactions, or contracts for the purchase or sale of digital assets that are commodities for future delivery, without conducting its futures transactions on or subject to the rules of a board of trade that was designated or registered by the CFTC as a contract market. In the alternative, Count I charges the Entity Defendants with violating Section 4(b) of the Act and Regulation 48.3, by permitting access to Binance.com's electronic trading and order matching system without obtaining an Order of Registration for a foreign board of trade from the Commission.

Count II charges the Entity Defendants with violating Section 4c(b) of the Act and Regulation 32.2 by offering to enter into, entering into, confirming the execution of, maintaining positions in and other conducting activities related to commodity option transactions in interstate commerce.

Count III charges the Entity Defendants with violating Section 4d of the Act for having operated, and continuing to operate, as a Futures Commission Merchant ("FCM"), and failing to register with the Commission as an FCM.

Count IV charges the Entity Defendants with violating Section 5h(a)(1) of the Act and Regulation 37.7 by operating a trading system or platform in which more than one market participant has the ability to execute or trade swaps with more than one other market participant on the system or platform without registering as a Designated Contract Market or Swap Execution Facility.

Count V charges the Entity Defendants with violating Regulation 166.3 by employing an inadequate supervisory system and failing to perform supervisory duties diligently, including: (i) failing to implement an effective Customer Information Program, (ii) failing to implement

effective Know-Your-Customer procedures; (iii) failing to implement effective Anti-Money Laundering procedures; (iv) failing to ensure that its partners, officers, employees, and agents lawfully and appropriately handled all commodity interest accounts at Binance; (v) purposefully instructing customers to evade compliance controls; and (vi) intentionally destroying documents related to illegal conduct.

Count VI charges the Entity Defendants with violating Regulation 42.2, which requires compliance with provisions of the Bank Secrecy Act ("BSA") and regulations promulgated by the Department of Treasury under the BSA, by failing to implement Customer Information, Know-Your-Customer, and/or Anti-Money Laundering programs.

Count VII charges Zhao, Lim, and the Entity Defendants with violating Regulation 1.6 by conducting activities outside of the United States, including entering into agreements, contracts, and transactions and structuring entities, to willfully evade or attempt to evade provisions of the Act and CFTC Regulations.

For Counts I-VI, the CFTC alleges that Zhao is derivatively liable for the Entity Defendants' violations as a control person, *see* 7 U.S.C. § 13c(b), and that Lim is liable for aiding and abetting the Entity Defendants' violations, *see* 7 U.S.C. § 13c(a).

Defendants' Statement: Defendants contest these allegations and contend that Plaintiff's claims are overbroad and legally deficient.

### d. State the major legal and factual issues anticipated in the case.

The parties anticipate the major legal issues in the case will include (a) whether the Entity Defendants violated the Act and CFTC Regulations as alleged in Counts I-VI; (b) whether Zhao acted as a control person with respect to the allegations in Counts I-VI; (c) whether Lim aided and abetted the Entity Defendants' alleged violations as set forth in Counts I-VI; (d) whether

Defendants violated Regulation 1.6 as alleged in Count VII; and (e) whether Defendants continue to violate the Act and CFTC Regulations.

Defendants anticipate additional major legal issues in this case will include (a) whether the CFTC has authority to pursue the charges it has alleged; (b) whether the Court may exercise personal jurisdiction over the Defendants.

  **e. Describe the relief sought by the plaintiff(s).**

The CFTC seeks civil monetary penalties and other relief authorized by statute, including but not limited to injunctions against future violations, trading and registration bans, disgorgement, pre- and post-judgment interest, and such other relief as the Court may deem necessary and appropriate.

**2. Pending Motions and Case Plan**

  **a. Identify all pending motions.**

None. However, in anticipation of Defendants' filing of motions to dismiss, the parties propose the following briefing schedule:

Opening briefs: July 27, 2023 (as previously ordered by this Court, ECF No. 35)

Response briefs: September 22, 2023

Reply briefs: October 23, 2023

Should Defendants' motions to dismiss be denied, the parties propose that Defendants file their answers within 60 days of the Court's order denying the motions.

  **b. Submit a proposal for a discovery plan, including the following information:**

    **i. The general type of discovery needed;**

Plaintiff anticipates seeking both written and oral fact discovery from all Defendants. The CFTC also anticipates requesting documents and taking depositions from non-party

witnesses. To the extent Defendants attempt to challenge jurisdiction at the motion to dismiss stage, the CFTC may seek leave to take expedited jurisdictional discovery, including depositions of Defendants Zhao and Lim.

Due to the Defendants' forthcoming motions to dismiss, Defendants' position is that moving forward with discovery would be premature. Defendants also intend to oppose jurisdictional discovery and any expedition thereof. If the case proceeds to discovery, Defendants intend to seek both written and oral fact discovery, including from non-party witnesses. Defendants intend to seek discovery of the CFTC's investigative file[2] from its pre-suit investigation.

Accordingly, Defendants believe that setting a discovery schedule at this juncture is premature and should be revisited following resolution of the anticipated motions to dismiss. In the event the Court elects to set a discovery schedule now, Defendants provide proposed dates below for a further schedule after resolution of Defendants' motions to dismiss.

### ii. A date for Rule 26(a)(1) disclosures;

The CFTC proposes October 31, 2023.

Defendants propose, if necessary, that the parties make initial disclosures under Rule 26(a)(1), if necessary, 75 days after the Court resolves the anticipated motions to dismiss. Defendants intend to seek discovery of the CFTC's investigative file prior to other discovery.

### iii. A date to issue initial written discovery requests;

The CFTC proposes November 1, 2023.

---

[2] The CFTC's position is that it will respond and, as appropriate, object to all properly-issued discovery requests made by Defendants during the fact discovery period.

6

Defendants propose, if necessary, 90 days after the Court resolves the anticipated motions to dismiss.

### iv. A fact discovery completion date;

The CFTC proposes May 15, 2024.

Defendants propose, if necessary, 12 months after the Court resolves the anticipated motions to dismiss. Defendants' proposal, however, is estimated without yet knowing the scope of the claims that would be litigated following resolution of the anticipated motions to dismiss and without yet having the CFTC's investigative file.

### v. If there will be expert discovery, an expert discovery completion date, including dates for the delivery of expert reports; and

The parties propose that they file a status report no later than 45 days prior to the fact discovery completion date, either proposing an expert discovery schedule or informing the Court that they do not need expert discovery.

### vi. A date for filing of dispositive motions

The parties propose filing motions for summary judgment 60 days after the close of discovery, and refer to their proposed schedule for motions to dismiss in 2.a.

### c. With respect to trial, indicate whether a jury trial is requested and the probable length of trial

All parties request a jury trial on all issues so triable. The parties estimate a trial in this matter will last approximately 14 trial days, though the length of trial will depend on the scope of the claims to be litigated following resolution of Defendants' anticipated motions to dismiss and on discovery and any subsequent motions.

3. **Consent to Proceed Before a Magistrate Judge**

   a. **Indicate whether the parties consent unanimously to proceed before a Magistrate Judge.**

The parties do not unanimously consent to proceed before a Magistrate Judge.

4. **Status of Settlement Discussions**

   a. **Indicate whether any settlement discussions have occurred;**

The CFTC, Zhao, and the Binance Entities have engaged in preliminary settlement discussions. The CFTC and Lim have not engaged in any settlement discussions.

   b. **Describe the status of any settlement discussions; and**

The last settlement discussion between the CFTC, Zhao and the Binance Entities occurred on July 10, 2023.

   c. **Whether the parties request a settlement conference.**

The parties do not request a settlement conference at this time.


Dated: July 25, 2023                                         Respectfully Submitted,

*/s/ Joseph Platt*                                           */s/ Stephanie Brooker*
Joseph Platt                                                 Stephanie Brooker
Katherine Paulson                                            M. Kendall Day
Candice Haan                                                 Richard Grime
Elizabeth N. Pendleton                                       **GIBSON, DUNN & CRUTCHER LLP**
Scott R. Williamson                                          1050 Connecticut Avenue, N.W.,
Robert T. Howell                                             Washington, DC 20036-5306
                                                             Tel: 202-887-3502
Commodity Futures Trading Commission                         Fax: 202-530-4216
Ralph Metcalfe Federal Building                              Michael Celio
77 West Jackson Boulevard, Suite 800                         Jessica Valenzuela
Chicago, Illinois 60604                                      **GIBSON, DUNN & CRUTCHER LLP**
(312) 596-0700                                               310 University Avenue
(312) 596-0714 (fax)                                         Palo Alto, CA 94301
                                                             Tel: 650-849-5300
*Attorneys for Plaintiff*                                    Fax: 650-849-5333
*Commodity Futures Trading Commission*
                                                             Mary Beth Maloney

**GIBSON, DUNN & CRUTCHER LLP**
200 Park Avenue
New York, NY 10166
Tel: 212-351-4000
Fax: 212-351-4035

John K. Theis
Erin Pamela Gasparka
**RILEY SAFER HOLMES & CANCILA LLP**
70 West Madison Street, Suite 2900
Chicago, Illinois 60602
Tel: (312) 471-8700

*Attorneys for Binance Holdings Limited, Binance Holdings (IE) Limited, Binance (Services) Holdings Limited*


*/s/ Douglas K. Yatter*
Douglas K. Yatter
Benjamin Naftalis
Iris Xie
**LATHAM & WATKINS LLP**
1271 Avenue of the Americas
New York, NY 10020
(212) 906-1200

Heather A. Waller (ARDC No. 6302537)
Kirsten C. Lee (ARDC No. 6330011)
**LATHAM & WATKINS LLP**
330 N Wabash Ave, Suite 2800
Chicago, Illinois 60611
(312) 876-7700

*Attorneys for Changpeng Zhang*

/s/ *Justin V. Shur*
Justin V. Shur
Walter H Hawes IV
**MOLOLAMKEN LLP**
600 New Hampshire Avenue, N.W.
Washington, D.C. 20037
(202) 556-2005

Megan Cunniff Church
Kenneth E. Notter III
**MOLOLAMKEN LLP**
300 North LaSalle Street
Chicago, Illinois 60654
(312) 450-6716

Catherine Martinez
**MOLOLAMKEN LLP**
430 Park Avenue
New York, NY 10022
(212) 607-8152

*Attorneys for Samuel Lim*