IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Commodity Futures Trading Commission,<br><br>Plaintiff,<br><br>v.<br><br>Changpeng Zhao, Binance Holdings Limited, Binance Holdings (IE) Limited, Binance (Services) Holdings Limited, and Samuel Lim,<br><br>Defendants. | Case No. 1:23-cv-1887<br><br>Judge Manish S. Shah |

**UNOPPOSED MOTION TO AMEND CONSENT ORDER**

On March 27, 2023, Plaintiff Commodity Futures Trading Commission ("Commission" or "CFTC") filed a Complaint against Defendants Changpeng Zhao; Binance Holdings Limited, Binance Holdings (IE) Limited, and Binance (Services) Holdings Limited (collectively "Binance Entity Defendants"); and Samuel Lim (collectively "Defendants") seeking injunctive and other equitable relief, as well as civil penalties, pursuant to the Commodity Exchange Act ("Act"), 7 U.S.C. §§ 1–26, and the Commission's Regulations ("Regulations") promulgated thereunder, 17 C.F.R. pts. 1–190 (2022). Dkt. No. 1. On November 21, 2023, Mr. Zhao, the Binance Entity Defendants, and the CFTC stipulated to the entry of a consent order, settling all charges alleged in the Complaint against Mr. Zhao and the Binance Entity Defendants. The Court entered the consent order on December 14, 2023 (the "Consent Order"). Dkt. No. 80. Pursuant to Federal Rule of Civil Procedure 59(e), or Rule 60(b) in the alternative, the Binance Entity Defendants and Mr. Zhao now move to amend the judgment to modify Paragraph 72 of the Consent Order to restore the intended consistency between the Consent Order in this

proceeding and the plea agreement between certain Defendants and the Department of Justice ("DOJ") in related criminal matters.

Counsel for the Binance Entity Defendants has conferred with the CFTC, which stated that it does not oppose the relief sought by this motion.

## I. BACKGROUND

1. On November 21, 2023, the Binance Entity Defendants and Mr. Zhao reached a multi-agency settlement. Specifically, the Binance Entity Defendants and Mr. Zhao settled with the CFTC in this matter; Binance Holdings Limited and Mr. Zhao resolved with the DOJ in the criminal matters *United States v. Binance Holdings Ltd.*, No. 2:23-cr-178 (W.D. Wash.), and *United States v. Changpeng Zhao*, No. 2:23-cr-179 (W.D. Wash.); Binance Holdings Limited settled with the Office of Foreign Assets Control ("OFAC"); and the Binance Entity Defendants also settled with the Financial Crimes Enforcement Network ("FinCEN"). In the related criminal matters, Binance Holdings Limited and Mr. Zhao agreed to plead guilty to certain charges brought by the DOJ. Plea Agreement, *United States v. Binance Holdings Ltd.*, No. 2:23-cr-178 (W.D. Wash. Nov. 21, 2023), Dkt. No. 23; Plea Agreement, *United States v. Changpeng Zhao*, No. 2:23-cr-179 (W.D. Wash. Nov. 21, 2023), Dkt. No. 31.

2. As part of the Binance Holdings Limited plea agreement with the DOJ ("Plea Agreement"), Binance Holdings Limited agreed to pay a $1,805,475,575 criminal fine, and DOJ agreed to "credit $950,000,000 of the penalty that the Defendant [Binance Holdings Limited] and/or Defendant's Chief Executive Officer Changpeng Zhao pay to the CFTC in connection with a parallel resolution entered into between the CFTC and the Defendant or Zhao by the end of fifteen months from the sentencing of the Defendant against the Criminal Fine . . . ." Plea Agreement, *United States v. Binance Holdings Ltd.*, No. 2:23-cr-178 (W.D. Wash. Nov. 21,

-2-

BINANCE HOLDINGS LIMITED, BINANCE HOLDINGS (IE) LIMITED, BINANCE (SERVICES) HOLDINGS LIMITED, AND CHANGPENG ZHAO'S UNOPPOSED MOTION TO AMEND CONSENT ORDER – CASE NO. 1:23-cv-1887

2023), Dkt. No. 23, ¶ 14a. Further, Binance Holdings Limited agreed to forfeit $1,612,031,763 in the form of a money judgment. *Id.* ¶ 16.

3. On November 21, 2023, Mr. Zhao, the Binance Entity Defendants, and the CFTC stipulated to entry of a proposed consent order and submitted it to this Court for approval. The Court entered the Consent Order on December 14, 2023. Consent Order, Dkt. No. 80. The Consent Order requires the Binance Entity Defendants to pay $1,350,000,000 in disgorgement and a $1,350,000,000 Civil Monetary Penalty. *Id.* ¶¶ 71, 75. In Paragraph 72, the Consent Order states: "For amounts ordered to be forfeited and forfeited in the Criminal Action, the Binance Entity Defendants shall receive a dollar-for-dollar credit against the Disgorgement Obligation." *Id.* ¶ 72. The parties agreed to this language based on the crediting provisions of the Plea Agreement in the criminal matter.

4. Three days prior to this Court's entry of the Consent Order on December 11, 2023, DOJ and Binance Holdings Limited filed a notice (the "Notice") amending the fine and forfeiture crediting provisions of the Plea Agreement with Binance Holdings Limited. Notice, *United States v. Binance Holdings Ltd.*, No. 2:23-cr-00178 (W.D. Wash. December 11, 2023), Dkt. No. 28. DOJ and Binance Holdings Limited stated in their Notice that "[t]hese revisions reflect Department of Justice accounting changes only; they do not affect any material terms of the plea, Defendant's rights, or the sentence agreed to by the parties." *Id.* at 1. The revisions are fully reflected in the attached Notice and addenda filed in the Criminal case, but briefly they:

- deleted the following sentence from the criminal fine paragraph: "The Offices will credit $950,000,000 of the penalty that the Defendant [Binance Holdings Limited] and/or Defendant's Chief Executive Officer Changpeng Zhao pay to the CFTC in connection with a parallel resolution entered into between the CFTC and the Defendant [Binance

Holdings Limited] or Zhao by the end of fifteen months from the sentencing of the Defendant [Binance Holdings Limited] against the Criminal Fine (the "CFTC Credit")." *Id*., Addendum B ¶ 14a.

- replaced that stricken language as follows: "The Offices will credit $950,000,000 of the penalty that Defendant [Binance Holdings Limited] and/or Defendant's Chief Executive Officer Changpeng Zhao pay to the CFTC in connection with a parallel resolution entered into between the CFTC and the Defendant or Zhao by the end of fifteen months from the sentencing of the Defendant against the 1960 Money Judgment (the "CFTC Credit")." *Id*., Addendum B ¶ 16.

The limited effect of this change is that DOJ is crediting the $950 million payment by Binance Holdings Limited, one of the Binance Entity Defendants, to the CFTC against the forfeiture money judgment instead of the criminal fine. All other monetary terms remain consistent.

## II.  ARGUMENT

5. Amendment or alteration of a judgment is appropriate under Rule 59(e) if the district court is presented with newly discovered evidence, or if the petitioner can demonstrate a manifest error, *Fin. Fiduciaries, LLC v. Gannett Co.*, 46 F.4th 654, 668–69 (7th Cir. 2022), or in other unusual circumstances warranting reconsideration, *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). In the alternative, under Rule 60(b), the Court may modify an existing order, among other circumstances, "for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; . . . (5) . . . applying [the judgment] prospectively is no longer equitable; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). Here, the Notice's alteration to the Plea Agreement presents a material change in circumstances since the time the parties stipulated to the entry of the Consent Order. The

Notice's modification of Binance Holdings Limited's Plea Agreement potentially disrupts the crediting framework in Paragraph 72 of the Consent Order as it pertains to this action, which potentially alters the obligations of the Binance Entity Defendants reflected in the Consent Order entered by this Court. This warrants a modification of the Consent Order.

6. In light of this change to the crediting framework in the Plea Agreement in the criminal matter and to ensure alignment between the various resolution documents as originally contemplated by the parties, the Binance Entity Defendants and Mr. Zhao seek an amendment of the Consent Order, specifically that the first sentence of Paragraph 72 should be deleted and replaced with: "For amounts forfeited or paid in the Criminal Action, the Binance Entity Defendants shall receive a dollar-for-dollar credit against the Disgorgement Obligation." A sentence has been added to Paragraph 77 to note, for avoidance of doubt, that any payment made pursuant to the December 14, 2023 Consent Order prior to modification shall be deemed to have been paid under the Consent Order as modified. These proposed modifications are reflected on the [Proposed] Amended Consent Order and a redline comparing to the December 14, 2023 Consent Order submitted with this motion. The rest of the Consent Order should remain unaltered. Undersigned counsel has consulted with counsel for the CFTC and confirmed that the CFTC does not oppose this request.

7. The Binance Entity Defendants and Mr. Zhao respectfully request that the Court grant this motion to allow for this proposed amendment as agreed to by the parties.

## CONCLUSION

For these reasons, the Court should grant this unopposed motion to amend the Consent Order as set forth herein.

Dated: January 11, 2024        Respectfully submitted,

/s/ *Stephanie Brooker*

Stephanie Brooker\*
M. Kendall Day\*
Richard Grime\*
Helgi Walker\*
**GIBSON, DUNN & CRUTCHER LLP**
1050 Connecticut Avenue, N.W.
Washington, DC 20036
Tel: 202-887-3502
Fax: 202-530-4216

Marshall King\*
**GIBSON, DUNN & CRUTCHER LLP**
200 Park Avenue
New York, NY 10166
Tel: 212-351-4000
Fax: 212-351-4035

John K. Theis (ARDC No. 6287528)
**RILEY SAFER HOLMES & CANCILA LLP**
70 West Madison Street, Suite 2900
Chicago, IL 60602
Tel: 312-471-8700

\*Admitted pro hac vice

*Attorneys for Binance Holdings Limited, Binance Holdings (IE) Limited, Binance (Services) Holdings Limited*

*/s/ Douglas K. Yatter*
Douglas K. Yatter*
Benjamin Naftalis*
Iris Xie*
**LATHAM & WATKINS LLP**
1271 Avenue of the Americas
New York, NY 10020
Tel: 212-906-1200

Heather A. Waller (ARDC No. 6302537)
Kirsten C. Lee (ARDC No. 6330011)
**LATHAM & WATKINS LLP**
330 N Wabash Ave, Suite 2800
Chicago, IL 60611
Tel: 312-876-7700

*Admitted pro hac vice

*Attorneys for Changpeng Zhao*